**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ORNAMENT CENTRAL, LLC**,** a Massachusetts Limited Liability Company, and CHRISTINE D. CASEY, an individual.<br>    *Plaintiffs,*<br><br>        v.<br><br>SOLARX EYEWARE, LLC d/b/a POLARX, an Ohio Limited Liability Company, MICHAEL MAHONEY, an individual, JOHN NORRIS, an individual, and JAY BUTTERWORTH, an individual.<br>    *Defendants* | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Ornament Central, LLC ("OC") and Christine D. Casey ("Casey", an individual ("Plaintiffs") by and through undersigned counsel, and for their Complaint against SolarX Eyeware, LLC, an Ohio Limited Liability Company ("PolarX"), Michael Mahoney ("Mahoney"), an individual, John Norris ("Norris"), an individual, and Jay Butterworth ("Butterworth"), an individual. ("Defendants") state as follows:

**SUMMARY OF NATURE OF ACTION**

1.     Plaintiffs bring this Complaint against Defendants seeking relief for Defendants' past and continued willful and deliberate use of Plaintiffs' trademarks, illegal counterfeiting, false and misleading solicitation of consumers, and promotion of Defendants' products in a manner calculated to deceive the consuming public into believing that Defendants' products contain or are associated with Plaintiffs' genuine goods.

2.     This is an action for trademark infringement and trademark counterfeiting pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1114 *et seq.)*; trade name infringement, unfair competition, false designation of origin and false advertising pursuant to Section 43(a) of the

1

Lanham Act (15 U.S.C. §1125 *et. seq.);* state unfair competition pursuant to the Ohio Deceptive Trade Practices Act (Ohio Revised Code § 4165.02); common law trademark infringement, and common law unfair competition.

## **THE PARTIES**

3.      Plaintiff Ornament Central, LLC is a Massachusetts limited liability company with a principal place of business at 407 Princeton Road, Fitchburg MA 01420-4876.

4.      Plaintiff OC owns the following trademark:



identified as United States Patent and Trademark Office Registration Number 4,432,839 issued November 12, 2013. ("OC FACE MARK") (A true and correct copy of the United States Patent and Trademark Office Certificate of Registration for the OC FACE MARK is attached as **Exhibit A**).

5.      Plaintiff OC also owns the following registered trademarks which are also similar to the OC FACE MARK:



identified as United States Patent and Trademark Office Registration Number 4,543,773 issued June 3, 2014. ("OC THREE LASH MARK") and



identified as United States Patent and Trademark Office Registration Number 4,543,774 issued June 3, 2014. ("OC FIVE LASH MARK")

6.      Plaintiff OC also claims ownership to the trademark listed below which is similar to the OC FACE MARK:



Identified as United States Patent and Trademark Office Application Serial No. XXXXXX filed January 8, 2016. ("OC FOUR LASH MARK")

7.      Plaintiff Christine D. Casey, an individual, is the sole owner of Ornament Central LLC, with a principal place of address of 407 Princeton Road, Fitchburg MA 01420-4876.

8.      Defendant PolarX is an Ohio limited liability company with a principal place of business is 14210 Foltz Industrial Parkway, Strongsville, OH 44149.

9.      Defendant Michael Mahoney is an individual who upon information and belief owns a portion of Defendant PolarX and/or has substantial control over the operations of Defendant PolarX, with a principal place of business of 14210 Foltz Industrial Parkway, Strongsville, OH 44149.

10.      Defendant John Norris is an individual who upon information and belief owns a portion of Defendant PolarX and/or has substantial control over the operations of Defendant

PolarX, with a principal place of business of 14210 Foltz Industrial Parkway, Strongsville, OH 44149.

11.     Defendant Jay Butterworth is an individual who upon information and belief owns a portion of Defendant PolarX and/or has substantial control over the operations of Defendant PolarX, with a principal place of business of 14210 Foltz Industrial Parkway, Strongsville, OH 44149.

12.     Defendants' upon information and belief operate a giftware business selling primarily holiday ornaments, piggy banks, picture frames and holiday decor.

## JURISDICTION AND VENUE

13.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b) and 15 U.S.C. §§ 1116 and 1121.

14.     This Court has supplemental subject matter jurisdiction over Plaintiffs' state claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 because the claims are joined with a substantial and related federal claim and form a part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391, 1400(a) and Local Rule 3.8 of the United States District Court for the Northern District of Ohio because Defendants resides and conducts substantial business in this District.  Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because a substantial portion of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL BACKGROUND

### Plaintiffs and Plaintiffs' Marks

A.      _Ornament Central's Business_

4

16.     Ornament Central is a family-owned business that began in 1983 with the vision of creating unique, original, personalized ornaments.

17.     Since 1983, Ornament Central has been at the forefront of the personalized ornament marketplace, first under the name Smudges which sold to retail consumers and then as Ornament Central which sells to wholesale customers.

18.     Ornament Central sells ornaments for special occasions, holidays, professions, hobbies, military, and general interest.

19.     Ornament Central ornaments are primarily sculptural works made out of resin and feature the designs of Christine Casey and another licensed artist.

20.     An Ornament Central ornament contains one of its distinctive and signature trademark faces depending on the gender and subject matter.

21.     Ornament Central ornaments are sold wholesale to over XXX retailers in every state in the country as well as overseas.

22.     As one of the most popular and famous brands in the personalized ornament category, Ornament Central sells or has sold its products to leading retailers such as Personal Creations, Ornamentshop.com, Veterans Canteen Service, Yankee Candle Co., Cape Cod Crafters, and A Christmas to Remember,, and through smaller specialty stores and florists.

23.     Ornament Central product is displayed and sold to retailers through Ornament Central's online and print catalogs, showrooms, road representatives and trade shows.

24.     Throughout its history, Ornament Central product has been continuously advertised and featured in a wide variety of national media including nationally circulated magazines such as Giftware News; Gift Shop Magazine; Specialty Retail Magazine; Personalizing Christmas Magazine; Christmas Retailer Magazine; Selling Christmas Gifts; Souvenirs, Gifts and Novelties Magazine.

25.     Ornament Central has expended enormous effort and expense to promote its unique style and distinctive designs as used in connection with its ornaments.  Its name, unique style, design, look-and-feel, signature faces, and distinctive branding have become well known, distinctive, and famous to consumers of such products, such that consumers and potential consumers of ornament products have come to associate the unique style, design, look-and-feel, signature faces and distinctive branding with Ornament Central.  Accordingly, Ornament Central has established distinctive trademark and trade dress rights in its products.

26.     As a result of Ornament Central's unique style, distinctive brand, and innovative designs that result in its unique works of authorship, Ornament Central has become a well-known and famous brand associated with unique and innovative holiday ornaments in the home décor and giftware industry.

B. *History of Plaintiffs and Defendants*

27.     Plaintiffs and Defendants have independently sold in the ornament and giftware space as competitors since, upon information and belief, 2004 first when Defendant PolarX was known as Gift Giant and then since approximately 2009 when Defendants purchased PolarX. **(Exhibit B)**

28.     Plaintiffs and Defendants, upon information and belief, sell primarily to wholesales customers through catalogs, internet, Gift Shows, and sales representatives.

29.     On March 15, 2011 Defendant Butterworth sent via electronic mail to Plaintiff OC employee Greg Casey with a carbon copy to Defendant Norris correspondence regarding a "face design" developed by Defendant PolarX to inquire as to whether or not the "face design" created by Defendant PolarX was similar to OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK, and OC FIVE LASH MARK.  **(Exhibit C)**

6

30. Plaintiff OC employee Greg Casey responded that the "face design" sent by Defendant Butterworth was not similar.

31. On or about April, 2013 Plaintiff OC contacted Defendant PolarX and Defendant Butterworth regarding an ornament design by Defendant PolarX.**(Exhibit D)**

32. Plaintiffs and Defendants amicably resolved the matter.

33. On or about April, 2013 Plaintiff OC employee Nick Gabrielson and Defendant PolarX and Defendant Butterworth corresponded via electronic mail regarding Defendant PolarX directly purchasing or drop shipment of Plaintiff OC's ornaments for Defendant PolarX's use in its retail cart program.**(Exhibit E)**

34. On or about January, 2014, Plaintiffs and Defendants began to meet in person and corresponded via electronic mail regarding the possibility of Plaintiff Casey designing an ornament design for an ornament name program of Defendant PolarX.**(Exhibit F)**

35. Defendant PolarX did not utilize Plaintiff Casey's design and released a different design for Defendant PolarX's ornament name program in January 2015.

36. On or about July, 2011, Plaintiffs and Defendant PolarX, Defendant Butterworth, and Defendant Norris entered into negotiations for the purchase of Plaintiff OC but were unable to agree on terms and the negotiation terminated.

37. Plaintiffs and Defendant PolarX, Defendant Butterworth, and Defendant Norris again discussed the purchase of Plaintiff OC but once again were not able to agree on terms and the negotiations terminated.

### Defendants' Illegal and Willful Infringing Activities

38. Upon information and belief, Defendants market and sell giftware items which including personalized ornaments, ornaments and miscellaneous giftware.

39.    On or about November 5, 2015, Plaintiffs discovered that Defendant Polar X was selling the following ornaments through retailers both online and in stores bearing Plaintiffs OC FACE MARK.(Collectively Referred to as "POLARX ORNAMENTS" or "INFRINGING ORNAMENTS")



"SNOWMAN FAMILY"



"SNOW SHOVEL FAMILY"



"ELF"



"LIGHT FAMILY"



"SANTA CHAIR"



"SPA GIRL"

40.     Defendants heavily marketed and utilized Plaintiffs OC FACE MARK and other Plaintiff owned trademarks and intellectual while it sold Plaintiffs' products.

41.     Upon information and belief, Defendants sold SNOWMAN FAMILY, SPA GIRL, SANTA CHAIR A, LIGHT FAMILY, and ELF to Personal Creations Retail Catalog and Website.

42.     Upon information and belief, Personal Creations sold SPA GIRL, SANTA CHAIR A, LIGHT FAMILY, and ELF through the Personal Creations Consumer Catalog and Website. **(Exhibit G)**

43.     Upon information and belief, Defendants sold SNOW SHOVEL FAMILY in its general collection for sale to both independent retailers and websites including Baker's Village and Garden Center based in Dublin, Ohio. **(Exhibit H)**

44.     Upon information and belief, Defendants created two separate versions of the ornament referred to as Santa Chair.  – (SANTA CHAIR A and SANTA CHAIR B)




SANTA CHAIR A                    SANTA CHAIR B

45.     Upon information and belief, Defendants have consistently utilized the following markings on Defendants' ornaments.



46.     Defendant, based on prior acknowledgements **(Exhibits C – F)**, recognize the OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK, and OC FIVE LASH MARK as trademarks owned by Plaintiffs.

47.     Defendants' POLARX ORNAMENTS directly utilize the OC FACE MARK.

| PLAINTIFFS | DEFENDANTS |
|---|---|
|  | SNOWMAN FAMILY<br> |
|  | SNOW SHOVEL FAMILY<br> |
|  | ELF<br> |
|  | LIGHT FAMILY<br> |
|  | SANTA CHAIR A<br> |



48.     Plaintiffs OC FACE MARK is widely recognized as belonging to Plaintiffs.

49.      Defendants, without authorization or any license from Plaintiffs, have knowingly and willfully used, reproduced and/or copied the OC FACE MARK and other trademarks and intellectual property in connection with its distributing, advertising offering for sale and selling of its ornament products, in interstate, intrastate and international commerce including commerce in Ohio and in this District that are counterfeit and infringing copies of Plaintiffs' goods.

50.     Defendants are not authorized to distribute, offer for sale, or sell products bearing the OC FACE MARK and other trademarks and intellectual property if obtained from a source other than Plaintiffs.

51.     Defendants use of the OC FACE MARK and other trademarks and intellectual property on or in connection with the advertising, marketing, distribution, offering for sale and sale of Defendants' POLARX ORNAMENTS is likely to cause confusion, or to cause mistake or to deceive.

52.     Defendants' use of the OC FACE MARK and other trademarks and intellectual property on or in connection with the advertising, marketing, distribution, offering for sale and sale of its bakery products has caused and continues to cause existing and potential purchasers of Defendants' POLARX ORNAMENTS to not purchase Plaintiffs' ornaments because the counterfeit ornaments are of such inferior quality.

53.    Defendants' sale of the utilization of two different marks on the SANTA CHAIR –
A & B demonstrates that DEFENDANTS POLARX ORNAMENTS developed in a manner
calculated to deceive the consuming public into believing that it was purchasing Plaintiffs'
ornaments further demonstrates Defendants' willful and deliberate decision to disregard Plaintiffs'
rights, and to capitalize on the goodwill developed by Plaintiffs to deceive the consuming public.

## COUNT I
## FEDERAL TRADEMARK COUNTERFEITING AND TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

54.    Plaintiffs reallege and incorporate by reference paragraphs 1 – 53 as if fully set
forth herein.

55.    Plaintiff Ornament Central is the owners of all right, title, and interest in and to
the "OC FACE MARK." .

56.    The OC FACE MARK and the goodwill of the business associated with it in the
United States and throughout the world are of great value, are highly distinctive and arbitrary,
and have become universally associated in the public mind with the products and services of the
very highest quality and reputation finding their source in Plaintiffs.

57.    Defendants' advertisements and website for its ornament and gift products utilize
the OC FACE MARK, and other trademarks, service marks or intellectual property.  Without
Plaintiffs' authorization or consent, and with knowledge of Plaintiffs' well- known rights in the OC
FACE MARK, and other trademarks, service marks or intellectual property, Defendants' have
manufactured, distributed, offered for sale and/or sold ornament and gift products to the
consuming public in direct competition with Plaintiffs' sale of genuine ornament and  products, in
or affecting interstate commerce.

14

58.     Defendants' unauthorized interstate use in commerce of copies or simulations of the OC FACE MARK, and other trademarks, service marks or intellectual property and the sale of counterfeit ornament and gift products to sell, offer for sale, distribute, and/or advertise its ornament and gift products constitutes a reproduction, copying, and colorable imitation of Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property, and is presumed to cause confusion, mistake and deception among the general purchasing public as to the identity and origin of Defendants' ornament and gift products and is presumed to deceive the public into believing the ornament and gift products being sold therein by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

59.     Despite its actual and constructive knowledge of Plaintiffs' ownership of the OC FACE MARK, and other trademarks, service marks or intellectual property and Plaintiffs' prior use of the OC FACE MARK, and other trademarks, service marks or intellectual property, Defendants' continue to use Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property without Plaintiffs' authorization or consent.  Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in the OC FACE MARK, and other trademarks, service marks or intellectual property.

60.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

61.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II

## FEDERAL UNFAIR COMPETITION –
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

62.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 61 as if fully set forth herein.

63.     Plaintiffs have spent substantial sums of money to promote its' ornament and gift products under the OC FACE MARK, and other trademarks, service marks or intellectual property.    Plaintiffs have also generated substantial revenue with the OC FACE MARK, and other trademarks, service marks or intellectual property.    The OC FACE MARK, and other trademarks, service marks or intellectual property are distinctive and have become impressed upon the minds of the trade and public as identifying Plaintiffs' ornament and gift products.  Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property also indicate a source of origin of the ornament and gift products provided in association with the OC FACE MARK, and other trademarks, service marks or intellectual property.  The reputation and goodwill that has been built-up in Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property is of great value to Plaintiffs.

64.     Defendants' unauthorized interstate use in commerce of Plaintiffs' OC FACE MARK, other trademarks and intellectual property owned by Plaintiff to promote, advertise, market, and/or sell ornament and gift products and services constitutes false designation of origin pursuant to 15 U.S.C. §§ 1125(a).

65.     Defendants' use  of  Plaintiffs' OC FACE MARK, other trademarks and intellectual property owned by Plaintiff constitutes  false  designation  of  origin  that  is  likely  to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants' with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants and/or Defendants' goods or services by or with Plaintiffs and/or Plaintiffs' goods or

16

services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants'

deceptive actions are likely to influence the consuming public's purchasing decisions.  Defendants'

unfair competition jeopardizes the goodwill built up by Plaintiffs in its Plaintiffs' OC FACE

MARK, other trademarks and intellectual property owned by Plaintiff and causes irreparable harm

to Plaintiffs for which there is no adequate remedy at law.

66.     Defendants' representations and descriptions in commercial advertisements and

promotional materials that Plaintiffs' ornament and gift product is being sold by Defendants are

false and misleading and were done to deceive the consuming public and to capitalize on the

goodwill developed by Plaintiffs.  Defendants misrepresented the nature, characteristics,

qualities, or geographic origin of Defendants' goods by falsely indicating that its ornament and

gift products come from, or is connected with, sponsored by, affiliated with, or related to

Plaintiffs.

67.     Despite its actual and constructive knowledge of Plaintiffs' ownership and prior

use of Plaintiffs' OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK<

OC FIVE LASH MARK, other trademarks and intellectual property owned by Plaintiff,

Defendants continue to use Plaintiffs' Plaintiffs' OC FACE MARK, other trademarks and

intellectual property owned by Plaintiff w i t h o u t  Plaintiffs' authorization  or  consent.

Defendants' actions are deliberate and willful and have been done with the intention of trading

upon the valuable goodwill built up by Plaintiffs in its Plaintiffs' OC FACE MARK, other

trademarks and intellectual property owned by Plaintiff.

68.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

69.     By reason of the foregoing acts, Defendants are liable for false designation of

origin under 15 U.S.C. § 1125(a).

## COUNT III

## FEDERAL UNFAIR COMPETITION – FALSE ADVERTISING (15 U.S.C. § 1125)

70.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 69 as if fully set forth herein.

71.     Plaintiffs have spent substantial sums of money to promote its ornament and gift products under the OC FACE MARK, and other trademarks, service marks or intellectual property.   Plaintiffs have also generated substantial revenue based on the OC FACE MARK, and other trademarks, service marks or intellectual property.  The OC FACE MARK, and other trademarks, service marks or intellectual property are distinctive and have become impressed upon the minds of the trade and public as identifying Plaintiffs' ornament and gift products.  Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property also indicate a source of origin of the products and services provided in association with the OC FACE MARK, and other trademarks, service marks or intellectual property.  The reputation and goodwill that has been built-up in Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property are of great value to Plaintiffs.

72.     Defendants' unauthorized interstate use in commerce of Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property  to promote, advertise, market, and/or sell ornament and gift products and constitutes false advertising pursuant to 15 U.S.C. §§ 1125(a).

73.     Defendants' false or misleading descriptions or representations of fact in commercial advertisements and/or promotional materials in connection with Defendants' goods constitutes false advertising that is likely to cause confusion, mistake, and deception among consumers as to the affiliation,  connection,  or  association  of  Defendants  with  Plaintiffs, and/or  as  to  the  origin, sponsorship, or approval of Defendants' goods by or with Plaintiffs

and Plaintiffs' goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' deceptive actions are likely to influence the consuming public's purchasing decisions. Defendants' unfair competition jeopardizes the goodwill built up by Plaintiffs in its OC FACE MARK, and other trademarks, service marks or intellectual property and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

74.    Defendants' representations and descriptions in commercial advertisements and promotional materials that Plaintiffs' ornament and gift products are being sold by Defendants are false and misleading and were done to deceive the consuming public and to capitalize on the goodwill developed by Plaintiffs.  Defendants misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' and Plaintiffs' goods.  Defendants' actions constitute literally false and/or misleading descriptions and representations of fact.

75.    Despite its actual and constructive knowledge of Plaintiffs' ownership and prior use of the OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK, OC FIVE LASH MARK and other trademarks, service marks or intellectual property, Defendants have continued to use Plaintiffs' OC FACE MARK, and other trademarks, service marks or intellectual property w i t h o u t  Plaintiffs' authorization or consent.  Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in its OC FACE MARK, and other trademarks, service marks or intellectual property.

76.    Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

77.    By reason of the foregoing acts, Defendants are liable for false advertising under 15 U.S.C. § 1125(a).

## COUNT IV

## VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT
### (Ohio Revised Code § 4165 *et seq.*)

78.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 53 as if fully set forth herein.

79.     The acts of Defendants complained of herein constitute deceptive trade practices in violation of Ohio Revised Code § 4165.02.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

80.     Plaintiffs reallege and incorporate by reference paragraphs 1 –53 as if fully set forth herein.

81.     Plaintiffs have common law rights in the OC FACE MARK, and other trademarks, service marks or intellectual property.

82.     Defendants' unauthorized use of copies or simulations of the OC FACE MARK, and other trademarks, service marks or intellectual property owned by Plaintiffs and the sale of counterfeit ornament and gift products to sell, offer for sale, distribute, and/or advertise its ornament and gift products constitutes a reproduction, copying, and colorable imitation of Plaintiffs' OC FACE MARK and other trademarks, service marks or intellectual property owned by Plaintiffs and is presumed to cause confusion, mistake and deception among the general purchasing public as to the identity and origin of the ornament and gift products sold by Defendants and is presumed to deceive the public into believing the ornament and gift products being sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

83.     Defendants' unauthorized use of copies or simulations of the OC FACE MARK, and other trademarks, service marks or intellectual property owned by Plaintiffs  and the sale of counterfeit ornaments and gift products to sell, offer for sale, distribute, and/or advertise is likely to cause confusion, mistake and deception among the general purchasing public as to the identity and origin of Defendants' counterfeit ornament and gift products included therein, and is likely to deceive the public into believing the ornament and gift products being sold therein by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

84.     Despite its actual and constructive knowledge of Plaintiffs' ownership of the OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK, OC FIVE LASH MARK and other trademarks, service marks or intellectual property owned by Plaintiffs and Plaintiffs' prior use of those marks and names, Defendants continue to use Plaintiffs' OC FACE MARK and other trademarks, service marks or intellectual property owned by Plaintiffs without Plaintiffs' authorization or consent.  Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in its OC FACE MARK and other trademarks, service marks or intellectual property owned by Plaintiffs.

85.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

86.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Ohio.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

87.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 53 as if fully set forth herein.

88. Plaintiffs have common law rights in the OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK, OC FIVE LASH MARK and other trademarks, service marks or intellectual property owned by Plaintiffs.

89. Defendants' use of Plaintiffs' OC FACE MARK and other trademarks, service marks or intellectual property owned by Plaintiffs constitute unfair competition that is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants and/or Defendants' goods or services by or with Plaintiffs and/or Plaintiffs' goods or services. Defendants' deceptive actions are likely to influence the consuming public's purchasing decisions. Defendants' unfair competition jeopardizes the goodwill built up by Plaintiffs in its OC FACE MARK, other trademarks and intellectual property owned by Plaintiff and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

90. Defendants' representations and sales to at least one customer of Plaintiffs' and other buyers that Defendants ornaments containing the OC FACE MARK and other trademarks, service marks and intellectual property owned by Plaintiffs are false and misleading and were done to deceive the consuming public and to capitalize on the goodwill developed by Plaintiffs. Defendants misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' goods by falsely indicating that the ornaments sold by Defendants' comes from, or is connected with, sponsored by, affiliated with, or related to Plaintiffs.

91. Despite its actual and constructive knowledge of Plaintiffs' ownership and prior use of the OC FACE MARK, OC THREE LASH MARK, OC FOUR LASH MARK and OC FIVE LASH MARK along with other trademarks, service marks or intellectual property owned by Plaintiffs, Defendants have continued to use Plaintiffs' OC FACE MARK and other trademarks, service marks or intellectual property owned by Plaintiffs without Plaintiffs' authorization or

consent.   Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiffs in its OC FACE MARK and other trademarks, service marks or intellectual property owned Plaintiffs.

92.     Plaintiffs have sustained injury, damage, and loss based on Defendants' actions.

93.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Ohio.

## COUNT VII

## QUANTUM MERUIT

94.     Plaintiffs reallege and incorporate by reference paragraphs 1 – 93 as if fully set forth herein.

95.     Plaintiffs furnished valuable products to Defendants.

96.     Defendants accepted, used and enjoyed the materials furnished by Plaintiff.

97.     Plaintiffs expected to be paid for such goods by Defendants.

98.     Under such circumstances, it would be unjust to permit Defendants to retain the benefit of such goods without making payment to Plaintiffs.

## PRAYER FOR RELIEF AND DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

A.     Judgment be entered for Plaintiffs on all of its respective claims.

B.     A finding that Defendants' acts constitute a violation of the claims alleged in Count I through VII.

C.      That Defendants, its/their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under it be temporarily and preliminarily enjoined and restrained for the pendency of this action and, thereafter, permanently:

(1)      from using in any manner the OC FACE MARK or any other trademarks, service marks or intellectual property owned by Plaintiffs, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiffs', or not authorized by Plaintiffs to be sold in connection with the OC FACE MARK or any other trademarks, service marks or intellectual property owned by Plaintiffs;

(2)      from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the OC FACE MARK or any other trademarks, service marks or intellectual property owned by Plaintiffs;

(3)      from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

(4)      from further infringing OC FACE MARK or any other trademarks, service marks or intellectual property owned by Plaintiffs, and damaging Plaintiffs' goodwill;

(5)      from otherwise competing unfairly with Plaintiffs in any manner;

(6)      from s e l l i n g, shipping, delivering, distributing, returning or

otherwise disposing of, in any manner, products or inventory not manufactured

by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and

which bear OC FACE MARK or any other trademarks, service marks or

intellectual property owned by Plaintiffs.

D.      That Defendants be required upon service of this Complaint to immediately

deliver up to Plaintiffs any and all products, guarantees, circulars, price lists, labels, signs, prints,

packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in

the possession of Defendants or under their control bearing any of  the OC FACE MARK or any

other trademarks, service marks or intellectual property owned by Plaintiffs, or each of them,

alone or in combination with any other words, or used in connection with the advertising,

offering for sale or sale of products not Plaintiffs', or not made under the authorization and

control of Plaintiffs.

E.      That Defendants be required upon service of this Complaint to immediately

supply Plaintiffs with a complete list of entities from whom they purchased and to whom they

distributed and/or sold products falsely bearing the OC FACE MARK or products not authorized

by Plaintiffs to be sold in connection with each of said marks, and produce complete

documentation showing all purchases from these entities.

F.      That Defendants are required upon service of this Complaint to immediately

deliver up for destruction its entire inventory of said products bearing any of the aforesaid

infringing including those sold to customers of the Defendants.

G.      That Defendants are required to pay Plaintiffs an amount of money for Plaintiffs

to effectively engage in a corrective advertising campaign to undo the damage to its

business caused by Defendants.

H.    That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants has complied with paragraphs A through G, *supra*.

I.    That Defendants account for and pay over to Plaintiffs profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of  damages  for infringement of Plaintiffs' registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

J.    That Plaintiffs be awarded actual damages of at least $75,000.

K.    That Plaintiffs be awarded the maximum amount of statutory damages permitted by law for Defendants' willful counterfeiting and infringing the OC FACE MARK and any other trademark, service mark or intellectual property owned by Plaintiffs.

L.    That Plaintiffs be awarded reasonable attorney's fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

M.    That, pursuant to the Ohio Deceptive Trade Practices Act, Defendants be preliminarily and permanently enjoined and Plaintiffs be awarded its reasonable attorney's fees and costs.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues so triable.

Dated: January 8, 2016                                  Respectfully Submitted,

                                                        **/s/ Tammy L. Browning-Smith**
                                                        Tammy L. Browning-Smith (0072999)
                                                        BROWNING-SMITH P.C.
                                                        752 N. State St. #260
                                                        Westerville, OH 43082
                                                        (440) 398-0098
                                                        tammy@browning-smith.com

                                                        *Attorney for Plaintiffs Ornament Central,*
                                                        *LLC and Christine D. Casey.*